1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IAN ANTHONY BULANDR,

Plaintiff,

v.

JIM ROBERTSON, et al.,

Defendants.

Case No. 19-07942  BLF (PR)

**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

Plaintiff, a state prisoner at Pelican Bay State Prison ("PBSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against officials and employees of PBSP.[1]  Plaintiff has filed a motion for leave to proceed *in forma pauperis* which will be addressed in a separate order.

**DISCUSSION**

A.    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

_____

[1] This matter was reassigned to this Court on January 7, 2020, after Plaintiff declined magistrate judge jurisdiction.  Dkt. Nos. 4, 6.

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff claims he is a Jewish inmate and a participant in the prison's "Special Religious Diet Program" since November 4, 2014. Dkt. No. 1-1 at 4. Plaintiff alleges that to eat a kosher diet and read the teachings in the holy books are part of his sincerely held religious beliefs and a key tenet of the Jewish religion. *Id.*

On February 9, 2018, he was rehoused from general population ("GP") to the administrative segregation unit ("ASU"). Dkt. No. 1-1 at 5. He informed staff upon his arrival at ASU that he on a kosher diet, but from the very next day, February 10, 2018, staff failed to provide him with the proper diet. *Id.* Although he informed Defendants Gary Abdullah (Chaplain), Robert Losaco (Community Resource Manager), and Correctional Officers Galarza, D. Martinez, and Kinney and other "Doe" officers" several times about his need for a kosher diet, he did not receive a kosher meal for 23 days, i.e., from February 10 through March 5, 2018. *Id.* at 5-10. Plaintiff claims that Defendants violated his right to the free exercise of religious rights. *Id.* at 7. Based on the foregoing, Plaintiff states a cognizable § 1983 claim based on the failure to provide a kosher diet for 23 days, thereby violating his right to exercise religious practices and beliefs. *See Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir. 1993) (Jewish inmate claiming denial of kosher diet), *cert. denied*, 510 U.S. 1192 (1994).

United States District Court
Northern District of California

Plaintiff also claims that on June 11, 2018, while confined in the SHU, he wrote to Defendant Losaco requesting religious literature, "such as Torah, Talmud, or Tanakah… or any type of Jewish religious literature, scripture, or history." Dkt. No. 1-1 at 10. Defendant Chaplain Abdullah responded to the request, stating that they did not have any "of these scriptures." *Id.* Plaintiff wrote to Defendant Warden Robertson about the lack of available religious material. *Id.* at 10-11. He received a response from Defendant Losaco stating that the only religious materials that were available were those donated by outside religious groups and that if a Jewish organization donated religious materials at PBSP, they would be distributed. *Id.* at 11. Plaintiff claims that after he was released back to GP, he discovered that the chapel had an "entire library shelf of readily accessible Jewish religious literature." *Id.* at 12. He alleges that although GP inmates had access to the material, they were "never distributed to Jewish ASU, SHU inmates, even upon request." *Id.* Plaintiff also claims that Protestant, Catholic, and Muslim inmates were receiving religious material/literature while housed in the ASU or SHU by the chapel, but that only Jewish inmates were denied access to Jewish religious literature. *Id.* These allegations are sufficient to state a cognizable § 1983 claim based on a violation of the Free Exercise Clause for the failure to provide available religious material upon request, as well as under the Equal Protection Clause based on the failure to provide equivalent access to religious materials. *See McCabe v. Arave*, 827 F.2d 634, 638 (9th Cir. 1987) (denying prisoner equivalent access to religious materials of his choice may violate equal protection).

Plaintiff also names "John Doe" defendants who were food service staff. Dkt. No. 1-1 at 3. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities

1   or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at

2   642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Accordingly,

3   defendant "John Does" are DISMISSED without prejudice. Once named Defendants are

4   served, Plaintiff may be able to obtain the names of these other individuals through

5   discovery and then move to add them to this action.

6

7                                 **CONCLUSION**

8        For the reasons state above, the Court orders as follows:

9        1.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for

10  Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy

11  of the complaint, all attachments thereto, and a copy of this order upon **Defendants**

12  **Warden Jim Robertson, Chaplain Gary Abdullah, Robert Losaco (Community**

13  **Resource Manager), Correctional Officer Galarza, Correctional Officer D. Martinez,**

14  **and Correctional Officer Kinney** at **Pelican Bay State Prison (P.O. Box 7500,**

15  **Crescent City, CA 95532)**. The Clerk shall also mail a copy of this Order to Plaintiff.

16       2.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil

17  Procedure requires them to cooperate in saving unnecessary costs of service of the

18  summons and the amended complaint. Pursuant to Rule 4, if Defendants, after being

19  notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the

20  summons, fail to do so, they will be required to bear the cost of such service unless good

21  cause shown for their failure to sign and return the waiver form. If service is waived, this

22  action will proceed as if Defendants had been served on the date that the waiver is filed,

23  except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file

24  an answer before **sixty (60) days** from the day on which the request for waiver was sent.

25  (This allows a longer time to respond than would be required if formal service of summons

26  is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver

27  form that more completely describes the duties of the parties with regard to waiver of

28

United States District Court
Northern District of California

4

service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty  (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18

United States District Court
Northern District of California

F.3d 651, 653 (9th Cir. 1994).

5.     Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.     All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated:  ___June 18, 2020_____

BETH LABSON FREEMAN
United States District Judge

Order of Svc
PRO-SE\BLF\CR.19\07942Bulandr_svc

United States District Court
Northern District of California

6