UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IAN ANTHONY BULANDR,

    Plaintiff,

    v.

JIM ROBERTSON, et al.,

    Defendants.

Case No. 19-07942 BLF (PR)

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

(Docket No. 15)

    Plaintiff, a California state prisoner, filed a civil rights complaint in *pro se* pursuant to 42 U.S.C. § 1983.[1] The Court found the complaint stated cognizable claims and ordered the matter served on Defendants. Dkt. No. 8.

    Plaintiff has filed a motion requesting appointment of counsel because he can't afford counsel, the issues are too complex and will require significant research and investigation, counsel would be better able to present evidence and cross examine witnesses, and plaintiff has no access to the law library due to Covid-19. Dkt. No. 15.

    There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social*

---

[1] The matter was reassigned to this Court after Plaintiff declined magistrate judge jurisdiction. Dkt No. 4.

*Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  Plaintiff's claims under the Free Exercise Clause and Equal Protection are not complex, Dkt. No. 8, and it is not yet clear whether this matter will proceed to trial.   The other circumstances are no different from those faced by other *pro se* prisoners.  Accordingly, Plaintiff's motion is DENIED without prejudice for lack of exceptional circumstances.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

This order terminates Docket No. 15.

**IT IS SO ORDERED.**

Dated**:  _August 14, 2020_____**

BETH LABSON FREEMAN
United States District Judge

Order Denying Motion for Appointment of Counsel
C:\Users\harwellt\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\20H2F0LW\07942Bulandr_deny.atty.docx