UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN ANTHONY BULANDR,<br><br>    Plaintiff,<br><br>v.<br><br>JIM ROBERTSON, et al.,<br><br>    Defendants. | Case No. 19-cv-7942-BLF (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO PROVIDE MORE INFORMATION FOR UNSERVED DEFENDANT** |

Plaintiff, a state prisoner at the Pelican Bay State Prison ("PBSP") in Crescent City, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against PBSP personnel. After an initial review, the Court found the complaint stated a cognizable claim for a violation of the Free Exercise Clause. Dkt. No. 8.

On June 22, 2020, the Clerk mailed Notices of Lawsuit, Request for Waiver of Service of Summons and Waivers of Service of Summons to Defendants: Chaplin Gary Adbullah; Warden Jim Robertson; Officer Galarza; Officer Kinney; Officer D. Martinez and Community Resource Manager Robert Losaco. Dkt. Nos. 9-14. On August 27, 2020, Deputy Attorney General C. Hay-Mie Cho filed a letter informing the Court that their office does not represent Defendant Officer Galarza. Further, they report that PBSP does

Order Directing Plaintiff to Provide More Information for Unserved Defendants
PRO-SE\BLF\CR.19\7942.Bulandr_moreinfo

not have any record of an employee named Galarza and does not have an address for him/her. Dkt. No. 19.

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff's complaint has been pending for over 90 days, and thus, absent a showing of "good cause," claims against Defendant Officer Galarza is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). Plaintiff must remedy the situation by providing more information in order to properly identify Defendant Officer Galarza or face dismissal of his claims against this Defendant without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

For the foregoing reasons, the Court orders Plaintiff to file a notice providing the Court with more information regarding **Defendant Officer Galarza** such that the Marshal is able to effect service. If Plaintiff fails to provide the Court with the information requested **within twenty-eight (28) days** of the date this order is filed, Plaintiff's claim against Defendant Officer Galarza shall be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: _September 4, 2020__

BETH LABSON FREEMAN
United States District Judge